IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHANIEL JOHNSON,
No. B84311,
    Petitioner,

v.                                                  No. 3:17–cv–00909-DRH

**CRAIG FOSTER**
    Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### Introduction

Petitioner Nathaniel Johnson, an inmate in the custody of the Illinois Department of Corrections and currently housed at Graham Correctional Center, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging an Illinois state court conviction. The Petition was filed on August 25, 2017.

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

# Background[1]

## Background – Illinois Courts

In August 2003, the State of Illinois charged Petitioner with one count of first-degree murder and one count of aggravated arson. The charges stemmed from a fire allegedly set by Petitioner in Centreville on January 17, 2003, that resulted in the death of 10–year–old Treyveon Barnes, the son of Petitioner's estranged wife. *Id.* On December 16, 2004, Petitioner entered a negotiated plea of guilty to an amended charge of aggravated arson, filed that day, in exchange for, *inter alia,* the State dropping the charge of first-degree murder. *Id.* Petitioner received the joint recommended maximum sentence of 30 years in prison. *Id.*

In January 2005, Petitioner filed a motion for reduction of sentence that was ultimately unsuccessful. In April 2006, Petitioner filed a *pro se* postconviction petition. *Id.* An amended postconviction petition was filed by counsel on June 1, 2010. *Id.* The postconviction petition was dismissed and Petitioner appealed to the Illinois Appellate Court. *Id.* On May 7, 2014, the Illinois Appellate Court issued an order affirming the circuit's court's dismissal of the amended postconviction petition. *Id.* The Illinois Supreme Court denied leave to appeal on September 24, 2014.

---

[1] The following information is taken from the "procedural Background" section of the Petition (Doc. 1, pp. 12-13) and from the following decisions: (1) *People v. Johnson,* 2014 WL 1877629 (Ill. App. Ct. 2014) and (2) *People v. Johnson,* 20 N.E. 3d 1259 (2014).

Petitioner then filed a request for leave to file a successive petition for postconviction relief with the state trial court. The request was denied on August 13, 2015. Petitioner timely appealed the trial court's decision to the state appellate court. According to the Petition, that appeal is still pending (hereinafter, "2015 Appeal"). (Doc. 1, p. 14 (stating that Petitioner's 2015 Appeal is "currently awaiting appointment of counsel to prepare and file necessary briefs; No. 5-15-0381.")).

**Prior 2254 Petition**

On December 21, 2015, Petitioner filed an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("original Petition"). *See Johnson v. Polley,* 3:15-cv-1387-DRH. At the time of filing, Petitioner's 2015 Appeal was pending in the Illinois Appellate Court. *Johnson v. Polley,* 3:15-cv-1387-DRH, Doc. 6. Accordingly, the undersigned judge dismissed the action, without prejudice, for failure to exhaust state court remedies. *Id.* On August 1, 2017, Petitioner filed a Motion to Reinstate Petition, claiming he had exhausted his state court remedies. *Johnson v. Polley,* 3:15-cv-1387-DRH, Doc. 19. The Court denied the motion, explaining that, if Petitioner's state court remedies had been exhausted, the proper course of action is to file a *new* § 2254 petition. *Johnson v. Polley,* 3:15-cv-1387-DRH, Doc. 20.

## Analysis

"Section 2254 generally requires state prisoners to exhaust available state court remedies before seeking habeas review in federal court." *Gacho v. Butler*, 792 F.3d 732, 735 (7th Cir. 2015); see 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); see 28 U.S.C. § 2254(c). Exhaustion is excused only if the "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

The Motion to Reinstate that was recently filed in the original Petition suggests that Petitioner has exhausted his state court remedies. However, the Petition filed in the instant case clearly states that the 2015 Appeal <u>is still pending.</u> (Doc. 1, p. 14 (stating that Petitioner's 2015 Appeal is "currently awaiting appointment of counsel to prepare and file necessary briefs; No. 5-15-0381.")). Further, the Illinois Appellate Court has confirmed that the 2015 Appeal is presently pending, with briefing due on December 11, 2017.

Because the 2015 Appeal is still pending and Petitioner has failed to argue that exhaustion should be excused pursuant to 28 U.S.C. § 2254(b)(1)(B), as with the original Petition, Petitioner has failed to exhaust his state judicial remedies. Accordingly, the Petition shall be dismissed without prejudice to the claims being refiled, if necessary, <u>after Petitioner has fully exhausted his claims in the state courts</u>.

**DISPOSITION**

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Should Petitioner desire to appeal this Court's ruling, he must first secure a certificate of appealability, either from this Court or from the Seventh Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); *see also* 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a Petitioner need not show that his appeal will succeed, Miller-El v. Cockrell, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. *See* FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Petitioner is not entitled to relief at this time because he has yet to exhaust his state court remedies. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a **CERTIFICATE OF APPEALABILITY** shall **NOT** be issued. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Digitally signed by
Judge David R. Herndon
Date: 2017.10.24
12:06:05 -05'00'

**UNITED STATES DISTRICT JUDGE**